UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GREGORY TURNER,

            Plaintiff,                          Hon. Janet T. Neff

v.                                      Case No. 1:13-cv-249

P. JENSEN, et al.,

            Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>. (Dkt. #46). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted in part and denied in part**.


## BACKGROUND

Plaintiff Gregory Turner is a state prisoner incarcerated at the Marquette Branch Prison, though the events about which he complains occurred while he was incarcerated at the Ionia Correctional Facility (ICF). He initiated the present action against the following ICF employees: Corrections Officers P. Jensen, Craig Shreve, and D. Watkins; Sergeant P. Shroad; Deputy Wardens Erica Huss and N. Norwood; Resident Unit Manager (unknown) Embry; and Warden John Prelesnik. The following allegations are contained in Plaintiff's complaint.

On March 18, 2011, Plaintiff complained that prison staff at ICF were serving breakfast to inmates more than 14 hours after serving dinner, and were "rushing" prisoners out of the "chow hall."

The next day, "gang members" threatened to kill Plaintiff because Jensen had told them that Plaintiff was "telling on them."  Plaintiff informed Jensen that he wanted to be "locked up" for protection, but Jensen refused, stating, "I don[']t care if they kill your black-ass, that's why I told them that!  That will get you out [of] the block, go eat or go back to your cell."

Plaintiff returned to his cell where he removed the outer plastic cover from a length of cable cord.  Plaintiff then folded the wire cord and placed it in his coat pocket.  As he was later walking to lunch, Plaintiff approached Jensen in the presence of the gang members, and asked Jensen to admit that he had lied about Plaintiff.  Jensen told Plaintiff to leave at which point Plaintiff withdrew the wire from his pocket.  Another officer ordered Plaintiff to drop the wire, but Plaintiff refused.  Watkins then kicked Plaintiff in the back of his leg, causing Plaintiff to fall to the floor.  Jensen and Shreve then pulled Plaintiff to his feet, rammed his head into a door window, and then "beat" him on his "face, head[,] back, shoulders, neck, and about his body, while calling [him] a stupid black nigger."  Jensen and Shreve "continually" beat Plaintiff and slammed his head into the wall, doorjams, and windows.

Plaintiff was eventually subdued and secured with handcuffs and leg irons.  Jensen and Shreve tightened the handcuffs, cutting Plaintiff's skin, and transported Plaintiff to another unit, in the process beating him and ramming him into doors.  Plaintiff was then taken to a "dayroom" and told to "pass on [to] the wor[l]d about what happens to niggers who threaten us."  Plaintiff fell, but Defendants pulled Plaintiff to his feet by his handcuffs and dragged him to a nearby location, where they left him.  Plaintiff claims that he did not "unduly" resist or fight the officers after Watkins kicked him in the leg.

As a result of the incident in question, Plaintiff was charged with: (1) disobeying a direct order; (2) possession of a weapon; and (3) assault of a staff member.  On March 24, 2011, a hearing was

conducted on these charges.  Based on Defendants' false statements, Plaintiff was found guilty of these charges and punished with detention and loss of privileges.

Defendants Jensen and Shreve later threatened to assault or kill Plaintiff if he filed any grievances or lawsuits against them.  In April 2011, after Plaintiff filed a grievance regarding the assault, Jensen ripped it up and returned it to him, stating that he or his friends would "stomp" Plaintiff's "simple minded black ass" if he filed any more grievances, because they "kill niggers . . . and no one cares." Defendants Jensen, Shreve, Watkins, and Shroad are part of a "clan" that is allowed to assault African-American prisoners without fear of repercussion.  Jensen has been sued by other prisoners for assault and boasts about "mak[ing] money off prisoner lawsuits."  Jensen claims that the Michigan Attorney General can "handle" such lawsuits and stated that "[he] and his buddies [can] handle smart ass niggers."

Plaintiff has asserted various claims under both federal and state law.  Plaintiff's claims against Defendants Huss, Norwood, Embry, Prelesnik, Shroad, and Watkins have since been dismissed. Defendants Jensen and Shreve now move for summary judgment.

## LEGAL STANDARDS

I.        **Motion to Dismiss**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief.  *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to

raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein.  *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL

51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

II.           **Motion for Summary Judgment**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324).  While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary

judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.  The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252).  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).  Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54.  In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof  faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United*

*States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."  *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

### I.        42 U.S.C. § 1981

Plaintiff alleges that Defendants Jensen and Shreve violated his rights under 42 U.S.C. § 1981.  Defendants assert that these claims must be dismissed for failure to state a claim on which relief may be granted.  Section 1981 provides, in relevant part, as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

To prevail on a racial discrimination claim under § 1981, Plaintiff must establish the following: (1) he belongs to a class of persons subject to discrimination based on their race; (2) Defendant intended to discriminate against him on the basis of race; and (3) Defendant's discriminatory

conduct abridged a right enumerated in § 1981(a). *See Amini v. Oberlin College*, 440 F.3d 350, 358 (6th Cir. 2006). With respect to the intent element, Plaintiff must either present "direct evidence of discrimination or by proving circumstantial evidence which would support an inference of discrimination." *Jeanlouis v. Product Action*, 551 F.Supp.2d 687, 691 (N.D. Ohio 2007).

Plaintiff has not alleged facts that would constitute direct evidence of discrimination. Accordingly, the intent element is analyzed under the familiar *McDonnell Douglas* burden-shifting framework. *See Hughes v. General Motors Corp.*, 212 Fed. Appx. 497, 502 (6th Cir., Jan. 8, 2007). Pursuant to this framework, Plaintiff must demonstrate, among other things, that he was treated differently from "a similarly situated individual outside his protected class." *Id.* This is where Plaintiff's claim fails.

The events giving rise to this action were precipitated by Plaintiff's acknowledged refusal to drop his weapon when directed thereby prompting several Defendants to physically subdue Plaintiff. While Plaintiff makes conclusory allegations that Defendants acted with racial animus, Plaintiff has failed to allege any facts concerning Defendants' alleged treatment of any similarly situated individuals. Accordingly, the undersigned recommends that this particular claim be dismissed for failure to state a claim on which relief may be granted.

## II.        42 U.S.C. § 1982

Plaintiff alleges that Defendants Jensen and Shreve violated his rights under 42 U.S.C. § 1982. Defendants assert that these claims must be dismissed for failure to state a claim on which relief may be granted. Section 1982 provides as follows:

> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

42 U.S.C. § 1982.

Section 1982 "prohibits racial discrimination relating to certain interests in real and personal property." *Moniz v. Cox*, 512 Fed. Appx. 495, 501 (6th Cir., Jan. 22, 2013). A claim asserted under § 1982, "like a claim under § 1981, requires that a plaintiff plead racial animus." *Id.* This requires Plaintiff to establish, among other things, that he was treated differently than a similarly situated individual. *See Phillips v. Mezera*, 2002 WL 31655208 at *7 (N.D. Ill., Nov. 25, 2002). For the reasons articulated in the preceding section, Plaintiff has failed to allege any facts concerning Defendants' alleged treatment of any similarly situated individuals. Accordingly, the undersigned recommends that this particular claim be dismissed for failure to state a claim on which relief may be granted.

**III.        42 U.S.C. § 1985 and 42 U.S.C. § 1986**

Plaintiff alleges that Defendants Jensen and Shreve violated his rights under 42 U.S.C. § 1985. Defendants assert that these claims must be dismissed for failure to state a claim on which relief may be granted. Section 1985 concerns actions constituting a conspiracy to interfere with a citizen's civil rights. To prevail on a § 1985 claim, Plaintiff must establish: (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) which causes injury to a person or property, or a deprivation of any right or privilege. *See Moniz*, 512 Fed. Appx. at 499. To prevail on a § 1985 claim, Plaintiff must demonstrate not simply that there existed a conspiracy to deprive him of a constitutional right, but that there existed a conspiracy "for the purpose of depriving [him] of equal protection of the law." *Hanas v. Inner City Christian Outreach*,

*Inc.*, 542 F.Supp2d 683, 695 (E.D. Mich. 2008) (citing *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 314 (6th Cir. 2005)).

Plaintiff's claim fails because he has not alleged that Defendants conspired to treat him differently than any other similarly situated individual.  In other words, while Plaintiff may believe that Defendants conspired to violate his rights, he has failed to allege (or present evidence) that Defendants conspired to deprive him of his right to the equal protection of the laws.  Because Plaintiff has failed to state a claim under § 1985, his § 1986 claim likewise fails.  *See Moniz*, 512 Fed. Appx. at 500. Accordingly, the undersigned recommends that Plaintiff's § 1985 and § 1986 claims be dismissed for failure to state a claim.

## IV.        First Amendment Retaliation Claims

Plaintiff alleges that Defendants Jensen and Shreve violated his First Amendment rights "by retaliating against Plaintiff for asking to be placed on protection due to Jensen['s] lies." (Dkt. #1 at Page ID#68).  The Court interprets Plaintiff's pleading as asserting the claim that his request to be placed in segregation for protective purposes was denied for retaliatory reasons.  As previously noted, Plaintiff alleges that when he requested to be "locked up" for protection, Jensen refused his request. Defendants now move to dismiss Plaintiff's retaliation claim on the ground that "[t]his case involves an allegation of excessive force by Jensen and Shreve" which "are properly analyzed through the framework of the Eighth Amendment."  Defendants are correct that Plaintiff's excessive force claims must be analyzed pursuant to the Eighth Amendment.  Defendants' argument, however, simply ignores Plaintiff's expressly stated assertion that Defendants also subjected him to unlawful retaliation, a claim which is analyzed under the First Amendment.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Accordingly, the undersigned recommends that Defendants' motion to dismiss Plaintiff's First Amendment retaliation claims be denied.

## V.          Eighth Amendment Use of Excessive Force Claims

Plaintiff concedes that he possessed a weapon and failed to surrender such when directed to do so prompting Defendants to physically subdue him.  That Plaintiff's actions justified the use of some measure of force does not automatically immunize Defendants from claims that the force employed was unreasonable under the circumstances.  *See, e.g., Peterson v. Johnson*, 714 F.3d 905, 917 (6th Cir. 2013).  Plaintiff alleges that the force used in this matter was excessive in violation of his Eighth Amendment rights.  Defendants argue that Plaintiff's Eighth Amendment claims must be dismissed because the factual basis for such "directly contradicts the findings of the hearing officer." In support of this argument, Defendants rely exclusively on the Sixth Circuit's *Peterson* decision.

In *Peterson*, the court was presented with the following question: "Where a disputed issue of fact is resolved at a Michigan major misconduct hearing as a necessary part of the hearing's judgment, does that factfinding have preclusive effect in collateral litigation brought by the prisoner under 42 U.S.C. § 1983?" *Id.* at 907.  The court concluded that if certain prerequisites were satisfied, the factual findings made by the prison hearing officer would be afforded preclusive effect in subsequent § 1983 litigation.  *Id.* at 911-18.  However, even if the Court assumes that the necessary prerequisites have been satisfied, thereby precluding Plaintiff from re-litigating the factual findings rendered by the Hearing Officer, Defendants are not entitled to relief.

Plaintiff was charged with three misconduct violations arising out of the incident in question: (1) possession of a weapon; (2) disobeying a direct order; and (3) assault and battery on staff

member.  (Dkt. #47, Exhibits D-E).  Two separate hearings were conducted regarding these charges. (Dkt. #47, Exhibits D-E).  With respect to the charges of possessing a weapon and disobeying a direct order, the Hearing Officer made the following factual findings: (a) Plaintiff possessed a weapon; (b) Plaintiff was ordered to drop the weapon; (c) Plaintiff heard and understood the order to drop the weapon; (d) Plaintiff failed to drop the weapon when ordered to do so; and (e) officers "needed to use force to secure the weapon" from Plaintiff.  (Dkt. #47, Exhibit D).  As for the assault and battery charge, the Hearing Officer made the following factual findings: (a) Plaintiff approached Jensen with a weapon in his hands; (b) after Plaintiff "finally dropped the weapon," Plaintiff "failed to comply with the orders to be restrained"; and (c) Plaintiff "actively failed to cooperate with the restraint process. . .by pushing staff away from him, by pulling on staff, and by trying to grab them as they were attempting to restrain him."  (Dkt. #47, Exhibit E).

While Plaintiff's verified complaint contains factual allegations concerning the events leading up to his restraint by Defendants, Plaintiff also clearly alleges that even after he was restrained and discontinued any resistance, Defendants continued to beat and abuse him.  The Hearing Officer's factual findings do not preclude Plaintiff's use of excessive force claim.  First, while it certainly appears that Defendants were justified in using some measure of force to restrain Plaintiff following his refusal to surrender his weapon, there remains a question of fact whether the force employed was reasonable under the circumstances or excessive in violation of Plaintiff's rights.  More importantly, the factual findings made in the misconduct hearings do not in any way foreclose Plaintiff's claim that after he was restrained, Defendants continued to employ an amount of force that was, under the circumstances, excessive.

-12-

As the *Peterson* court made clear, its holding "includes only *factual* issues decided by a state agency." *Peterson*, 714 F.3d at 917-18 ("we are not suggesting that the hearing officer's *legal* conclusion that Peterson committed assault and battery has any bearing on whether Johnson treated Peterson with excessive force"). As the court further observed, "an assault-and-battery conviction is analytically distinct from an excessive force claim; a prisoner can commit the former and simultaneously be the victim of a guard's excessive force." *Id.* at 917. Defendants offer no further evidence or rationale in support of their motion for summary judgment as to this claim. Accordingly, for the reasons articulated herein, the undersigned recommends that Defendants' motion for summary judgment be denied as to Plaintiff's excessive force claims.

As for Defendants further request that "[i]f this matter goes to trial. . .the jury should be instructed that the facts found by the hearing officer have been established and are not at issue," the Court is not persuaded. The *Peterson* court made clear that affording preclusive effect to factual findings made in a prison disciplinary proceeding is appropriate only if several factors are satisfied. *See Peterson*, 714 F.3d at 911-18. The Sixth Circuit, in *Roberson v. Torres*, 770 F.3d 398 (6th Cir. 2014), recently underscored this point:

> To the extent that Torres argues that, in light of *Peterson*, any factual findings by a hearing officer in a major-misconduct hearing in a Michigan prison are to be accorded preclusive effect, we reject such a reading of *Peterson* as overbroad. *Peterson* is not a blanket blessing on every factual finding in a major-misconduct hearing. Although the language of our opinion in *Peterson* is at times categorical, our decision to accord preclusive effect to particular findings from Peterson's prison hearing necessarily turned, at least in part, on the particular circumstances of Peterson's case. Indeed, the question of preclusion cannot be resolved categorically, as it turns on case-specific factual questions such as what issues were actually litigated and decided, and whether the party to be precluded had sufficient incentives to litigate those issues and a full and fair opportunity to do so - not just in theory, but in practice. It likewise

turns on the court's "sense of justice and equity," which may require a case-by-case analysis of surrounding circumstances.

*Id.* at 404-05.

Defendants have not addressed the factors relevant to determining whether preclusive effect should be accorded the Hearing Officer's factual findings, but instead seem to assume, incorrectly, that such is simply mandated. Accordingly, the undersigned recommends that this aspect of Defendants' motion also be denied.

## VI.        Fourth, Fifth, Ninth, and Fourteenth Amendment Claims

Plaintiff alleges that Defendants have also violated his rights under the Fourth, Fifth, Ninth, and Fourteenth Amendments. These claims are based on the same factual allegations on which Plaintiff's First and Eighth Amendment claims are based. Defendants assert that these additional claims must be dismissed because Plaintiff's claims are properly analyzed under the First and Eighth Amendments. The Court agrees. Plaintiff's causes of action clearly arise under the First and Eighth Amendments and should be analyzed and adjudicated pursuant to such. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) (recognizing that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment. . .must be the guide for analyzing these claims"). Accordingly, the undersigned recommends that Plaintiff's claims under the Fourth, Fifth, Ninth, and Fourteenth Amendments be dismissed.

## VII.       State Law Claims

Plaintiff asserts various state law causes of action which Defendants argue should be dismissed on the ground of state law governmental immunity. The Court is not persuaded.

-14-

In support of their position that they are entitled to governmental immunity, Defendants rely on *Odom v. Wayne County*, 760 N.W.2d 217 (Mich. 2008).  A review of this decision, however, reveals that Defendants' argument is misplaced.  As the *Odom* court made clear, "there is no immunity where the [government official] does not act honestly and in good faith, but maliciously, or for an improper purpose." *Id.* at 224.  The allegations against Defendants Jensen and Shreve, if accepted as true, more than support the conclusion that Defendants did not act honestly and in good faith, but instead acted with malice and for an improper purpose.

The Court also rejects Defendants' argument that "the hearing officer's report confirms that they acted in good faith to subdue Turner."  First, as noted above, at most, the Court can afford preclusive effect to the Hearing Officer's *factual* findings.  To the extent that the Hearing Officer determined that Defendants acted in good faith, such constitutes a legal determination which enjoys no preclusive effect in this matter.  Moreover, as discussed above, even if Defendants acted properly (i.e., in good faith) with respect to their efforts to subdue and restrain Plaintiff, such does not speak to Plaintiff's allegations that he was subjected to excessive force after he was subdued and restrained.

Governmental immunity is an affirmative defense regarding which Defendants bear the burden. *Id.* at 227-28.  Defendants have not met their burden to demonstrate that they are entitled to immunity.  Accordingly, the undersigned recommends that Defendants' motion to dismiss Plaintiff's state law claims be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (Dkt. #46), be **granted in part and denied in part**.  Specifically, the

undersigned recommends that with respect to Plaintiff's claims under 42 U.S.C. §§ 1981, 1982, 1985, and 1986, Defendants' motion be granted and these claims be dismissed.  The undersigned recommends that with respect to Plaintiff's claims under the Fourth, Fifth, Ninth, and Fourteenth Amendments, Defendants' motion be granted and these claims be dismissed.  The undersigned recommends that with respect to Plaintiff's First Amendment retaliation and Eighth Amendment excessive force claims, Defendants' motion be denied and such claims go forward.  Finally, the undersigned recommends that with respect to Plaintiff's state law claims, Defendants' motion be denied and such claims go forward. The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  March 3, 2015                                   /s/ Ellen S. Carmody
                                                       ELLEN S. CARMODY
                                                       United States Magistrate Judge