UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY TURNER,

        Plaintiff,                            Hon. Janet T. Neff

v.                                                Case No. 1:13-CV-249

P. JENSEN, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for Order to Make Copies</u>. (Dkt. #86). Plaintiff requests that the Court enter an order directing prison officials to provide him with certain photocopies. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Consideration of the relevant factors compels the Court to recommend that Plaintiff's request be denied. Plaintiff has submitted no evidence in support of his request, thus Plaintiff has failed to demonstrate that his allegations have any merit. Plaintiff will not suffer irreparable injury in the absence of injunctive relief. To the contrary, Plaintiff's allegations implicate his right of access to the courts, a violation of which is remediable through appropriate legal action. Finally, the public interest is not served by judicial interference in the management of a correctional institution in the absence of evidence justifying such. Accordingly, the undersigned recommends that Plaintiff's motion be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Order to Make Copies</u>, (Dkt. #86), be **denied**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 3, 2015                    /s/ Ellen S. Carmody
                                       ELLEN S. CARMODY
                                       United States Magistrate Judge